IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : MAGISTRATE NO. 09-979-M |
| KYLE L. TEDESCO | : |

**MEMORANDUM OPINION**

DAVID R. STRAWBRIDGE                                            December 22, 2010
UNITED STATES MAGISTRATE JUDGE

On October 19, 2010, Kyle Lee Tedesco filed a "Motion to Terminate Probation." The Government has filed its opposition. For the reasons set out below, the motion will be denied.

Tedesco was charged in a one-count Information filed in the Western District of Missouri, Western Division, with attempting to interfere with the administration of internal revenue laws in violation of 26 U.S.C. § 7212(a). The underlying facts of the charge concern Tedesco's transmission of a letter to the IRS which read, "Die IRS Scum." A white powder substance was contained in the envelope with the letter. Given the concern about the message and the white powder upon the opening of the letter by the IRS, its emergency procedures were invoked and the Kansas City Fire Department hazardous response team was engaged. The white substance was determined to be harmless baking soda.

The envelope containing the letter and white powder provided a return address to an individual who was Tedesco's supervisor at his workplace and with whom he was involved in a difficult dispute. Investigation by the FBI and Postal Inspectors led to the supervisor and then quickly focused upon Tedesco. When confronted, Tedesco admitted his responsibility, indicating that the letter was sent "to retaliate" against the supervisor. The supervisor presented a victim statement and appeared at sentencing offering a strong statement as to the emotional harm and stress this circumstance brought upon her and her family.

On October 22, 2009, the Court imposed a probationary sentence of three years, based in part upon the recommendation of the United States Probation Department. Nearing the completion of the first year of the sentence, the Defendant has moved to have his probation terminated.

## **DISCUSSION**

Early termination of probation may be authorized in such circumstances where, having considered the factors set out in 18 U.S.C. § 3553(a) relating to the imposition of a sentence, the Court "is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). As other courts have noted, early termination of probation or supervised release is not warranted as a matter of course, although it is "occasionally" justified due to new or unforseen circumstances. *See, e.g., United States. v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (termination of supervised

release); *United States v. Herrera*, No. 94 CR 1021 (RWS), 1998 WL 684471, *2 (S.D.N.Y. Sept. 30, 1998) (termination of probation). The burden of proving such "new or unforseen circumstances" falls upon the defendant. *United States v. Rasco*, No. 88 CR 817 CSH, 2000 WL 45438, *3 (S.D.N.Y. Jan. 19, 2000).

Defendant has failed to meet his burden. The only reasons advanced in support of the motion are that he has been in full compliance with his probation requirements and that he "has advised counsel that as a result of his probation status, he has been prevented from returning to his profession." (Mot. to Term. Prob. at 1.) Mere compliance with terms of supervision is not enough. *See, e.g., United States v. Guilliatt*, No. Crim. A. 01-408, 2005 W.L. 589354, *1 (E.D. Pa. Jan. 18, 2005). Moreover, the question of any impact of his sentence upon a return to his profession cannot be said to be either new or unforseen. We are simply not persuaded under the authorities cited and circumstances of this case that this justifies a termination of defendant's probation.

An appropriate order follows.